Dear Representative Alexander:
Your request for an Attorney General's opinion has been forwarded to me for research and reply. Specifically, you ask the following:
 1) Can a police jury pass a local ordinance which imposes a permit requirement on vehicles hauling loads over parish roads?
 2) If these vehicles cause road damage, can the owner be held responsible for road repair costs even though the parish is receiving money from the Parish Transportation Fund to repair its roads?
With regard to your first question, La. R.S. 48:481 states:
 § 481. Powers of parish governing authorities as to roads, bridges, and ditches; penalties
 Parish governing authorities may pass all ordinances which they think necessary relative to roads, bridges, ditches, and may impose such penalties to enforce them as they think proper.
As is apparent from this statute, parish governing authorities such as police juries are given wide latitude in passing ordinances dealing with parish roads, which includes requiring permits for vehicles hauling loads on parish roads.
In your second question, you also ask if owners of vehicles can be held responsible for fixing roads damaged by their vehicles. After again reviewing La. R.S. 48:481, it appears that parish authorities "may pass all ordinances which they think necessary relative to roads . . ., and may impose such penalty to enforce them as they think proper." Since no exclusion is made regarding parishes receiving money from the Parish Transportation Fund, the police jury can enact any penalties they deem necessary for road maintenance.
While some may ask if La. R.S. 48:481 impermissibly interferes with interstate commerce, the United States Supreme Court has stated,
 If safety justifications are not illusory, the court will not second-guess legislative judgment about their importance in comparison with related burdens on interstate commerce. Raymond Motor Transportation, Inc. v. Rice, 434 U.S. 429, 98 S.Ct. 787, 54 L.Ed. 2d 664(1978).
The Court has also stated,
 It recognized, as do we, broad power in the State to protect its inhabitants against perils to health or safety, fraudulent traders and highway hazards even by use of measures which bear adversely upon interstate commerce. H. P. Hood and Sons, Inc. v. DuMond, 336 U.S. 525, 69 S.Ct. 657, 93 L.Ed. 865.
From these cases and their progeny, it can be surmised that the actions allowed by the statute at issue do not violate the Commerce Clause of the United States Constitution.
We trust this sufficiently answers your questions. If you should have anything further, do not hesitate to contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________ FRANCES J. PITMAN ASSISTANT ATTORNEY GENERAL
RPI/FJP/sc
DATE RECEIVED: 08/19/98BR
DATE RECEIVED: 09/10/98SH
FRANCES J. PITMAN ASSISTANT ATTORNEY GENERAL